UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| D'CARTIA HOSKINS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-90-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

D'Cartia Hoskins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-9-445) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offenses 202. Following a disciplinary hearing, he was sanctioned with a loss of sixty days earned credit time and a demotion in credit class.

In the petition, Hoskins asserts seven grounds for habeas relief, but the Warden responds that they are procedurally defaulted because Hoskins did not appeal them at the departmental level. Hoskins replies that he was unable to complete the administrative appeal process due to cell reassignments. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir.

2002). While the parties dispute the availability of the appeal process at the departmental level, they do not dispute that Hoskins submitted an appeal at the facility level. In that appeal, Hoskins asserted that he was allowed only four witnesses, that there were inconsistencies in the record, and that the contraband was not scientifically verified to be a controlled substance. ECF 13-8. Therefore, the court will consider only these arguments.

Hoskins argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He notes that a witness statement contradicted the conduct report with respect to the location of the contraband at the time it was found.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he found thirty strips of orange paper, which appeared to be suboxone, under "the bed mat belong to Offender Hoskins, D'Cartia #249227 in cell C435." ECF 13-1. It also includes a witness statement from that correctional officer representing that he found the contraband on the top bunk under Hoskins' mat and that Hoskins asked him to flush it after he found it. ECF 13-6. Hoskins maintains that

these documents are contradictory because the C435 designation refers to a bottom bunk and that he was assigned to the bottom bunk. Despite this apparent contradiction, these documents constitute some evidence that Hoskins possessed a controlled substance; the correctional officer unequivocally states that he found the contraband underneath Hoskins' mat and that Hoskins asked him to flush it when he found it, which suggests consciousness of guilt. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Hoskins argues that he is entitled to habeas relief because the screening officer told him that he could request only three witnesses. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Hoskins offers no explanation as to how the limit on the number of witnesses harmed him. He does not explain which witnesses he would have requested, what he believes they would have said, or how he believes their statements would have affected the hearing officer's decision. Consequently, the court concludes that these allegations constitute, at most, harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Hoskins further argues that he is entitled to habeas relief because correctional staff did not scientifically verify that the contraband was a controlled substance. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to scientific verification is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Therefore, this claim is not a basis for habeas relief.

In sum, Hoskins has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Hoskins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES D'Cartia Hoskins leave to proceed in forma pauperis on appeal.

SO ORDERED this April 19, 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge